JOSEPH I. HIBBERT *vs.* THE GUARDIAN SAVINGS AND LOAN ASSOCIATION, a corporation existing under the laws of the State of Delaware.

*Debt — Affidavit of Demand — Certificate of Indebtedness — Conditional Liability—Statute—Judgment Refused—Practice.*

1. An affidavit of demand must show affirmatively upon its face that the plaintiff is entiled to judgment, otherwise judgment will be refused.

2. Judgment will be refused when it appears from such affidavit that defendant's liability is "subject to the rules, regulations and by-laws" of defendant association, and it is not known what the conditions are.

(*September 18, 1902.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William S. Hilles* for plaintiff.

*Thomas Davis* for defendant.

Superior Court, New Castle County, September Term, 1902.

DEBT (No. 186 September Term, 1902).

Motion that judgment be refused, notwithstanding affidavit of demand.

In said affidavit the plaintiff deposed that annexed thereto " is a copy of the certificate of indebtedness sued upon in this action ; that the sum demanded of the said defendant is the sum of two thousand dollars, with lawful interest thereon, from the fifteenth day of August, A. D., 1892," etc.

The certificate was as follows :

" No. 32                                             $2,000.

" This certifies that there is due Joseph Hibbert from the Guardian Savings and Loan Association, subject to the rules, regulations and by-laws of said association, two thousand dollars, with

interest for the same at the rate of six per centum per annum, payable quarterly on the fifteenth day of February, May, August and November, respectively, at the office of the association, on presentation of this certificate.

"Transferable only on the books of the association, in person or by attorney, on surrender of this certificate."

The above certificate was signed by the President and the Secretary ' of the corporation (with the seal of the corporation), under date of June 15th, 1896.

*Mr. Davis :*—I move that judgment be refused, notwithstanding the affidavit of demand. The certificate of indebtedness is for $2,000, due according to the rules, regulations and by-laws of the association, and there is no statement that the plaintiff has complied with said rules, regulations and by-laws, or that according to the same there was anything due upon the certificate; it not being an unconditional obligation for the payment of money, as contemplated by the statute—(*Rev. Code 789, Chap. 106*).

*Mr. Hilles :*—If the rules, regulations and by-laws of the defendant have not been complied with by the plaintiff, that is something that ought to be set out in their affidavit of defense, and not a matter which should be set out by plaintiff.

LORE, C. J. :—We have frequently passed upon these certificates. The rule is that it must appear upon the face of the affidavit of demand, affirmatively, that the plaintiff is entitled to judgment. It does not so appear here, for we do not know what the conditions are.

Judgment is refused.